UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNSON BOINELUS ALFRED,

*Petitioner*,

v. Case No. 3:26-cv-2107-JEP-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

*Respondents*.
___________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or, alternatively, release him. (*See* Doc. 1 at 11). Petitioner is a citizen of Haiti who entered the United States on April 24, 2024, and was granted parole until June 12, 2025. (Doc. 1-5 at 1; Doc. 8-1 at 3).[1] On April 13, 2026, local law enforcement arrested Petitioner. (Doc. 8-1 at 2). He was transferred

[1] Although Petitioner alleges that he entered the United States on April 23, 2024, (Doc. 1 at 1, 4), the records that the Federal Respondents attach to their response reflect that he entered the country on April 24, 2024, (Doc. 1-5 at 1; Doc. 8-1 at 3). This minor discrepancy does not affect the Court's ruling.

into ICE custody on May 6, 2026. (*Id.* at 2–3).[2] The same day, the Department of Homeland Security issued him a notice to appear and scheduled his initial removal hearing for May 18, 2026. (*Id.* at 6). Petitioner argues, among other things, that, according to the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, his detention is governed by § 1226 of the Immigration and Nationality Act ("INA"), not § 1225. (Doc. 1 at 7).[3]

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that

---

[2] At the time Petitioner filed this case, he was housed at Florida Baker Correctional Institute. (*See* Doc. 1 at 4). According to ICE's website, he is currently housed at a detention facility in New Mexico. *See* Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited Aug. 28, 2026). Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

[3] While Petitioner's single claim for relief is labeled "Violation of the Fifth Amendment – Due Process Clause," (Doc. 1 at 10), the Court construes it as a claim under the INA. Indeed, the Federal Respondents understand the petition to assert a claim under § 1226(a) of the INA. (*See generally* Doc. 8).

an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[4] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286. (recognizing "the longstanding border-interior distinction for purposes of [immigration]

---

[4] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

detention”). And he was not “seeking lawful entry after inspection and authorization by an immigration officer”—indeed, he was “not applying for entry in any literal sense when [he was] detained.” *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents argue that “[Petitioner]’s parole at a port of entry allowed his otherwise mandatory § 1225(b)(2)(A) detention to be suspended, subject, however, to the government’s right to treat him ‘as if stopped at the border.’” (Doc. 8 at 3–4) (quoting *Dep’t of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. *See* 591 U.S. at 139. And the two district court cases the Federal Respondents cite to support their argument carry little persuasive value in light of *Hernandez Alvarez*: both predate the Eleventh Circuit’s decision, and one is an out-of-circuit case. (Doc. 8 at 4); *see Pedro v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-cv-524-KCD, 2026 WL 900129, at *5 (M.D. Fla. Apr. 2, 2026); *Chanaguano Caiza v. Scott*, No. 1:25-cv-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025).

Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See* Doc. 8 at 2).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful based on the Eleventh Circuit's decision in *Hernandez Alvarez*, 175 F.4th at 1258.[5] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
2. The Warden's motion to dismiss (Doc. 7) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on August 28, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

[5] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").